501 F.2d 714
 163 U.S.App.D.C. 154
 Harry R. HALDEMAN, Petitioner,
v.
Honorable John J. SIRICA, Judge (formerly Chief Judge),
United States District Court for the District of
Columbia, Respondent.
Gordon C. STRACHAN, Petitioner,
v.
Honorable John J. SIRICA, United States District Judge,
United States District Court for the District of
Columbia, Respondent.
 Nos. 74-1364, 74-1368.
 United States Court of Appeals, District of Columbia Circuit.
 Argued March 21, 1974.
Decided March 21, 1974, As Amended March 27, 1974.
 
 John J. Wilson, Washington, D.C., for petitioner Harry R. Haldeman, with whom Frank H. Strickler, Washington, D.C., was on the petition.
 John M. Bray, Washington, D.C., for petitioner Gordon C. Strachan.
 Philip A. Lacovara, Counsel to the Special Prosecutor, Watergate Special Prosecution Force, for respondent, with whom Leon Jaworski, Special Prosecutor, and Peter M. Kreindler, Executive Asst. to the Special Prosecutor, were on the responsive pleadings for respondent.
 Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, LEVENTHAL, ROBINSON and MacKINNON, Circuit Judges.
 
 ORDER
 
 1
 This matter came on to be heard on the separate petitions for writs of prohibition or mandamus filed by Harry R. Haldeman and Gordon C. Strachan, the memorandum in opposition filed by the United States on behalf of the respondent and the grand jury, and the oral arguments of counsel.
 
 
 2
 This relief by extraordinary writ is sought to prohibit the respondent District Judge from transmitting, as recommended by the grand jury, to the House Judiciary Committee a sealed report and accompanying grand jury evidence. The grand jury has characterized that material as bearing upon the inquiry currently being made by that Committee, pursuant to the authorization of the entire House, into possible grounds for impeachment of the President of the United States. The burden of the petitions is that the District Judge has abused his discretion in this instance and should be curbed by the use of our power to issue extraordinary writs. Although it was argued in the District Court that the grand jury was wholly lacking in power to make the report and recommendation in question, now it is said by petitioner Haldeman that it has never been the custom for grand juries in this circuit to issue reports, and that the question is, in any event, not one of law but of policy. Petitioner Strachan at oral argument represented that he was raising no objection to the grand jury's power to report, and that this question is unimportant to the position he asserts.
 
 
 3
 The position of both petitioners essentially is that the District Judge should not disclose to the Judiciary Committee evidence taken before the grand jury that returned the indictment against petitioners. It has been asserted, both in the District Court and here, that the discretion ordinarily reposed in a trial court to make such disclosure of grand jury proceedings as he deems in the public interest is, by the terms of Rule 6(e) of the Federal Rules of Criminal Procedure, limited to circumstances incidental to judicial proceedings and that impeachment does not fall into that category. Judge Sirica has dealt at length with this contention, as well as the question of the grand jury's power to report, in his filed opinion. We are in general agreement with his handling of these matters, and we feel no necessity to expand his discussion.
 
 
 4
 We think it of significance that the President of the United States, who is described by all parties as the focus of the report and who presumably would have the greatest interest in its disposition, has interposed no objection to the District Court's action. The interest of the petitioners is said by them to be that of persons under indictment who may be unable to receive a fair trial because of unfavorable publicity likely to result from the disclosure of grand jury evidence to the House Committee. As did the District Judge, we note that this is at best a slender interest on which to support standing to seek the relief in question, but we do not turn the petitions aside on that ground.
 
 
 5
 We note, as did also the District Judge, that, if the disclosures to the public so feared by petitioners do in fact take place and have the consequences that petitioners predict, they will be free at trial to raise these claims in the light of what has actually happened, and to seek the traditional relief ranging from continuance through change of venue to dismissal of their indictments. It appears to be premature at the least to make their speculations about future prejudice the basis for present employment of our extraordinary writ power. With respect to the substance of those speculations, we cannot be unaware of the fact that the Special Prosecutor has concluded that his interests in successful prosecutions can be reconciled with this transmittal for consideration in the impeachment process-- thereby suggesting that the dangers in his estimation are not great. The District Judge who received the indictment, perused the materials accompanying the report, and expressed his general interest in the fairness of the trial over which he will preside later this year, also concluded that it is unlikely that this transmittal will interfere with a fair trial.
 
 
 6
 We are asked to employ our extraordinary powers now primarily because it is said that the District Judge, being the judge who will later try the indictment and who presently has under his control grand jury evidence which, when and if disclosed publicly, may possibly create a climate of prejudice in which a fair trial may not be possible, should take no chance in this regard and exercise his discretion in favor of the more cautious course. This claim is, obviously, that we should intervene by prohibition or mandamus to exert our supervisory power as a barrier to a step by the District Judge which, although within the legal limits of his authority, is not sound policy. It almost goes without saying that this is not the kind of abuse of discretion or disregard of law amounting to judicial usurpation for which the extraordinary writs were conceived.
 
 Now, therefore, it is
 
 7
 Ordered that the petitions pending before us for prohibition or mandamus are hereby denied; and it is
 
 
 8
 Further ordered that execution of the District Court's order is stayed until 5:00 p.m. March 25, 1974, to permit petitioners to apply to the Supreme Court for such relief as they may deem advisable.
 
 
 9
 MacKINNON, Circuit Judge, concurring in part and dissenting in part:
 
 
 10
 I concur in the implicit finding that the petitioners have standing to seek the relief here requested. My view of the record, however, after the limited research permitted by the rapidity with which this court has handled this matter, convinces me that the grand jury exceeded its authority in releasing (1) the report, (2) the so-called index, and (3) the selective evidence. Application of United Electrical, Radio & Mine Workers, 111 F.Supp. 858 (S.D.N.Y.1953); see conflicting authorities in Judge Sirica's opinion. The process of composing the index and selecting the evidence supporting it necessarily reflects a conscious and focused judgment by the grand jury on the credibility of witnesses and the inferences to be drawn from the totality of evidence presented to it. Moreover, potentially exculpatory material may have been excluded. For these reasons, it is my opinion that the interests of justice will not be furthered by transmitting to the Committee this grand jury report and the selective evidence accompanying it. Congress would only be forced to come back for additional testimony if it is to judge credibility, as it certainly should do.
 
 
 11
 I would expunge the entire grand jury report and permit the House Judiciary Committee, on request to the District Court, to have access not only to the limited testimony accompanying the report and index but to the entire grand jury proceedings under supervision of the court in the manner generally followed by Chief Judge Bryan in In re Petition for Disclosure of Evidence, 184 F.Supp. 38 (E.D.Va.1960). In this way the House Committee would be better able itself to pass on credibility without having credibility prejudged for it. Chief Judge Bryan, in his opinion, supra, deferred disclosure to the state and local authorities until after the federal trials were completed. He thus protected those who were the subject of federal indictments. Those indicted here are not receiving that protection. The prosecutor here, however, has indicated that he is knowledgeably and intentionally taking a calculated risk that the transmission of this evidence with the risk of its premature disclosure may make it impossible for those indicted to receive a fair trial. In my view that is a hazard the Special Prosecutor is permitted to take at this stage of the criminal proceedings.
 
 
 12
 As for the argument made by the Special Prosecutor that Rule 6(e) does not limit disclosure by the judge in releasing grand jury testimony, it is my view that said rule is a codification of long-standing decisions that hold to the 'indispensable secrecy of grand jury proceedings . . . except where there is a compelling necessity,' United States v. Procter & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); United States v. Johnson, 319 U.S. 503, 513, 63 S.Ct. 1075, 87 L.Ed. 1413 (1943), and that the judge is as much bound by this rule as other persons. A contrary interpretation strains the language and obvious intent of Rule 6(e) and frustrates its operation.
 
 
 13
 At oral argument the prosecutor represented that this disclosure of the grand jury material to the House Judiciary Committee and eventually possibly to the House and Senate is being made 'preliminarily to (and) in connection with a judicial proceeding,' Fed.R.Crim.P. 6(e),[1] in which due process of law will be available. My concurrence in the release of the grand jury material has taken this representation into consideration.
 
 
 
 [1]
 (e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminary to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons