SYKES, Circuit Judge,
dissenting.
Rule 6 of the Federal Rules of Criminal Procedure comprehensively governs the conduct of grand-jury proceedings, and subpart (e) of the rule requires that all matters occurring before the grand jury must be kept seeret, subject to certain narrow exceptions. See Fed. R. Crim. P. 6(e)(2)(B), (e)(3)(E). The petitioners here— a group of historians and journalists— asked the district court to unseal grand-jury records from a World War II-era espionage investigation described in fascinating detail in Chief Judge Wood’s opinion. The documents have historical significance, but none of the rule’s exceptions to secrecy even arguably applies, To get around this impediment, the petitioners argued that the exceptions are permissive, not exclusive, and’ the district court has inherent authority to unseal grand-jury materials for reasons not covered by the rule — here, historical interest.
The United States objected, arguing that the secrecy exceptions are exclusive and the court has no authority to disclose grand-jury materials in circumstances not specified in Rule 6(e)(3)(E). The district judge sided with the petitioners and construed the rule’s exceptions as only exemplary. Relying on the court’s “inherent authority” and applying a multifactor test developed by the Second Circuit in In re Craig, 131 F.3d 99, 106 (2d Cir. 1997), the judge ordered the grand-jury records unsealed.
My colleagues likewise adopt the permissive interpretation and affirm the district court’s order unsealing the 70-year-old grand-jury materials. I respectfully dissent. In my view, the government’s interpretation of Rule 6(e)(3)(E) is the correct one. Treating the rule’s list of authorized disclosures as merely permissive is inconsistent with the text and structure of the rule. I' would reverse the district court’s order.
Rule 6(e) “codifies the traditional rule of grand jury secrecy,” United States v. Sells Eng’g, Inc., 463 U.S. 418, 425, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), together with certain narrow exceptions, most of which deal with information sharing between federal prosecutors and other governmental agents for law-enforcement purposes. See Fed. R. Crim. P. 6(e)(3). Rule 6(e) is captioned “Recording and Disclosing the Proceedings” and begins by establishing a recording requirement: “Except while the *768 grand jury is deliberating or voting, all proceedings must be recorded by a court reporter or suitable recording device.” Id. Rule 6(e)(1). The rule then designates the government’s lawyer as the custodian of the record: “Unless the court orders otherwise, an attorney for the government will retain control of the recording, the reporter’s notes, and any transcript prepared from those notes.” Id.
■ The next subsection imposes a broad secrecy norm:
(2) Secrecy.
[[Image here]]
(B) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury.
(i) a grand juror;
(ii) an interpreter;
(iii) a court reporter;
(iv) an operator of a recording device;
(v) a person who transcribes recorded testimony;
(vi) an attorney for the government; or
(vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).
Fed. R. Crim. P. 6(e)(2)(B) (emphases added). This list of persons bound by the nondisclosure obligation includes all participants in the grand jury’s proceedings except witnesses,
The very next subsection contains the exceptions to the secrecy rule. As I’ve noted, most of the exceptions pertain to the authority of the government’s lawyers to disclose grand-jury materials to other grand juries and to governmental officials as necessary to perform law-enforcement duties in specified circumstances. See id. Rule 6(e)(3)(A)-(D). These authorized disclosures require no court intervention.
The exception at issue here pertains to the court’s authority to unseal grand-jury records. It states as follows:
(E) The court may authorize disclosure — at a time, in a manner, and subject to any other conditions that it directs — of a grand-jury matter:
(i) preliminarily to or in connection with a judicial proceeding;
(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury; ...
or at the request of the government’s lawyer when the records are sought by (iii) a foreign government; (iv) a tribal government; or ‘(v) a U.S. military official for the purpose of enforcing their respective criminal laws. Id. Rule 6(e)(3)(E).[1]
Three of the five circumstances on this list require a request from the government. Id, Rule 6(e)(3)(E)(iii)-(v). A fourth permits the court to order disclosure “at the request of a defendant” seeking dismissal of an indictment. Id. Rule 6(e)(3)(E)(ii). The only provision that contemplates release of grand-jury materials to a member of the general public is subsection (e)(3)(E)®, which authorizes the court to order disclosure “preliminarily to or in connection with a judicial proceeding.” The Supreme Court has held that this exception applies only when the purpose of the disclosure is “to assist in preparation or conduct of a judicial proceeding” that is “pending or anticipated.” United *769 States v. Baggot, 463 U.S. 476, 480, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983).
It’s easy to see (and everyone agrees) that none of these exceptions even arguably applies to the petitioners’ request, which is not made by the government or a defendant, and has nothing to do with a judicial proceeding. My colleagues, however, read the list of exceptions as permissive, not exhaustive. As they see it, the limiting language in subsection (e)(2)(B)— “unless these rules provide otherwise” — is confined to the secrecy provision (where it appears) and has no effect on the operation of the exceptions. On this- reading the exceptions are nonexclusive, -leaving the district court -with residual inherent authority to disclose grand-jury materials to persons and for purposes not identified in the rule. With respect, I cannot agree.
In my view, the secrecy requirement and its exceptions must be read together as an integrated whole. After all, the provisions appear sequentially and work together. First, subsection (e)(2)(B) imposes a strict nondisclosure rule “unless these hules provide otherwise.” Next, subsection (e)(3) creates a few narrowly tailored exceptions, one of which empowers the court to disclose grand-jury materials to specified persons in specified circumstances. The limiting language in the secrecy provision necessarily means that the exceptions are a closed sét: Subsection (e)(2)(B) mandates grand-jury secrecy “unless these rules provide otherwise”; the exceptions in subsection (e)(3) “provide otherwise,” but the court’s authority to override the secrecy norm is limited to the particular circumstances specified in Rule 6(e)(3)(E).
As my colleagues interpret the rule, the limiting language in the secrecy provision has no bearing at all on the exceptions; the phrase “unless these rules provide otherwise” is “buried” in subsection (e)(2)(B) and cannot “secretly appl[y]” to the exceptions, which are found in .“an entirely different subpart” of the rule. Majority-op. at 764. But the two provisions cannot be read in isolation. They appear together in sub-part (e), sequentially, and govern the same subject matter. The exceptions plainly ■modify the general rule of nondisclosure. Treating the exceptions as merely exemplary puts the two provisions at cross-purposes: If the district court has inherent authority to disclose grand-jury materials to persons and in circumstances not listed in subsection (e)(3)(E), the limiting phrase “unless these rules provide otherwise” in the secrecy provision is ineffectual.
Indeed, the Supreme Court has recognized that Rule 6(e) “is,, on its face, an affirmative limitation on the availability of court-ordered disclosure of grand jury materials.” Baggot, 463 U.S. at 479, 103 S.Ct. 3164. Baggot held that the district court’s authority to disclose grand-jury materials “preliminarily to or in connection with a judicial proceeding” does not include the authority to order disclosure to the Internal Revenue Service in connection with the determination of a taxpayer’s civil tax liability. Id. at 480-82, 103 S.Ct. 3164. The Court explained that Rule 6(e) “reflects a judgment that not every beneficial purpose, or even every valid governmental purpose, is an appropriate reason for breaching grand jury secrecy.” Id. at 480, 103 S.Ct. 3164.
It goes without saying that the district court’s inherent authority does not include the power to contravene or circumvent an “express grant of or limitation on the ... court’s power contained in a rule or statute.” Dietz v. Bouldin, — U.S.-, 136 S.Ct. 1885, 1892, 195 L.Ed.2d 161 (2016); see also Carlisle v. United States, 517 U.S. 416, 426, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (“Whatever the scope of [the court’s] ‘inherent power,’ ,,. it does not *770 include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure.”); Bank of Nova Scotia v. United States, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (holding that a district court cannot invoke its inherent authority to circumvent the harmless-error inquiry required by Rule 52(a) of the Federal Rules of Criminal Procedure). Rule 6(e) is an express limitation on the court’s inherent authority. It codifies the common-law rule of grand-jury secrecy subject to certain narrowly delimited exceptions and requires that secrecy be maintained unless the rules specifically authorize disclosure.
To read the exceptions as permissive rather than exclusive disregards the text of the rule, which mandates secrecy “unless these rules provide otherwise.” The straightforward meaning of this text is that grand-jury secrecy may not be breached except as specifically provided in the rules. To give effect to this limiting language, the list of authorized disclosures in subsection (e)(3)(E) must be interpreted as exclusive, not merely exemplary, leaving the court with no residual authority to disclose grand-jury records to persons and for reasons not covered by the rule — not even reasons of historical significance, surely a beneficial purpose, but one not addressed in the rule.
Accordingly, I cannot join the majority’s decision to endorse the approach taken by the Second and Eleventh Circuits, both of which have held that the district court retains inherent authority to disclose grand-jury materials in “special circumstances” outside the confines of Rule 6(e). In re Craig, 131 F.3d at 104-06; In re Hastings, 735 F.2d 1261, 1268-69 (11th Cir. 1984). My colleagues include the D.C. Circuit on this list of permissive circuits, citing Haldeman v. Sirica, 501 F.2d 714 (D.C. Cir. 1974) (en banc). I think that’s right, but it bears noting that the Halde-man order simply announces the en banc court’s agreement with the district judge’s decision; it contains no reasoning. Id. at 715.
On the other hand, the Eighth Circuit interprets the rule as I do. That circuit treats the secrecy exceptions in Rule 6(e)(3)(E) as exclusive. United States v. McDougal, 559 F.3d 837, 840 (8th Cir. 2009) (“[C]ourts will not order disclosure absent a recognized exception to Rule 6(e) or a valid challenge to the original sealing order or its implementation.”). For the reasons I’ve already explained, I come down on the Eighth Circuit’s side of this interpretive divide.
Finally, even if the district court retains some residual inherent authority to disclose grand-jury records outside the circumstances specified in Rule 6(e), I question whether this authority encompasses the power to fashion a new exception to the rule of grand-jury secrecy based solely on historical interest. As the Supreme Court has explained, the grand jury is independent of the court; it is not “textually assigned ... to any of the branches described in the first three Articles” but “is a constitutional fixture in its own right.” United States v. Williams, 504 U.S. 36, 47, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (internal quotation marks omitted). “[T]he whole theory of its function is that it belongs to no branch of the institutional Government, serving as a kind of buffer or referee between the Government and the people.” Id. And “[although the grand jury normally operates ... in the courthouse and under judicial auspices, its institutional relationship with the Judicial Branch has traditionally been, so to speak, at arm’s length.” Id.
Williams thus reaffirmed the principle that the grand jury is operationally separate from and functionally independent of *771 the court, id. at 47-50, 112 S.Ct. 1735, and explained that the judge’s “direct involvement in the functioning of the grand jury has generally been confined to the constitutive one of calling the grand jurors together and administering their oaths of office,” id. at 47, 112 S.Ct. 1735. As such, “any power federal courts may have to fashion, on their own initiative, rules of grand jury procedure is a very limited one, not remotely comparable to the power they maintain over their own proceedings.” Id. at 50,112 S.Ct. 1735.
It’s hard to see how this “very limited” authority includes the sweeping power to release grand-jury records to the general public for reasons that strike the judge as socially desirable — here, historical significance. The court’s inherent authority over its own proceedings extends only to actions that protect and vindicate the judicial process and the judicial institution itself. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 43-44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (explaining that the court’s inherent authority includes the power to punish contempt, regulate admission to the bar, discipline attorneys for misconduct, dismiss suits for failure to prosecute, and enforce decorum in the courtroom); United States v. Hasting, 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (explaining that the court’s inherent authority includes the power to protect the integrity of judicial processes). If, as the Supreme Court held in Williams, the court’s inherent authority.over grand-jury procedure is far-more limited, I doubt that it includes the power to promulgate new exceptions to grand-jury secrecy completely untethered to any judicial proceeding or for reasons wholly unrelated to the judicial process.[2]
Accordingly, I would reverse the district court’s order. The court lacked the authority to unseal the Chicago Tribune grand-jury records based solely on their historical significance, a reason not addressed in Rule 6(e)(3)(E).

. The rest of subpart (e) establishes rules for sealing indictments, closing court hearings collateral to grand-jury proceedings, mam-taming grand-jury records under seal, and punishing knowing violations of Rule 6 by contempt. See Fed, R. Crim. P. 6(e)(4)-(7).

. There are certainly good policy arguments to amend Rule 6(e) to give the district court discretionary authority to unseal historically significant grand-jury records when the reasons for maintaining secrecy have abated. Indeed, the Department of Justice proposed such an amendment in 2011. See generally Letter from Hon. Eric H. Holder, Jr., Att’y Gen., to Hon. Reena Raggi, Chair, Advisory Comm, on the Criminal Rules (Oct. 18, 2011), •http://www.uscourts.gov/rules-policies/ archives/suggestions/hon-eric-h-holder-j r-11 - cr-c.
In June 2012 the Federal Advisory Committee on the Criminal Rules rejected the proposal. See Judicial Conference Comm, on Rules of Practice and Procedure, Minutes of Meeting June 11-12, 2012, at 44, http://www, ■. uscourts.gov/rules-policies/archives/meeting-minutes/committee-rules-practice-and-procedure-june-2012. The minutes reflect that the committee saw no need for the amendment, concluding that "in the rare cases where disclosure of historic materials had been sought, the district judges acted reasonably in referring to their inherent authority.” Id. My colleagues decline to give this history any weight "one way or the other,” majority op. at 765, and I agree..