Srinivasan, Circuit Judge, dissenting:
 

 The central issue in this case is whether a district court can authorize the release of grand jury materials in circumstances beyond those expressly identified in Rule 6(e) of the Federal Rules of Criminal Procedure. If not, grand jury materials falling outside Rule 6(e) 's exceptions cannot be released even if there is a strong public interest favoring disclosure and no enduring interest in secrecy. My colleagues read Rule 6 to compel that result. In my respectful view, however, our court's en banc decision in
 
 Haldeman v. Sirica
 
 ,
 
 501 F.2d 714
 
 (1974), allows for district court disclosures beyond Rule 6(e) 's exceptions.
 

 Rule 6(e)"codifies the traditional rule of grand jury secrecy."
 
 United States v. Sells Eng'g, Inc.
 
 ,
 
 463 U.S. 418
 
 , 425,
 
 103 S.Ct. 3133
 
 ,
 
 77 L.Ed.2d 743
 
 (1983). The Rule imposes an obligation of secrecy on certain persons, Rule 6(e)(2), but then sets out five exceptions to that obligation, Rule 6(e)(3)(A)-(E). The first four exceptions allow for disclosure without a need for district court authorization. The last exception describes five circumstances in which "[t]he
 
 court may
 
 authorize disclosure ... of a grand-jury matter." Rule 6(e)(3)(E)(i)-(v) (emphasis added). None of those circumstances applies in this case.
 

 The crucial question for our purposes, then, is whether Rule 6(e)(3) 's exceptions identify the only circumstances in which a district court may authorize disclosure of grand jury materials. Or, alternatively, does a court retain inherent discretion to consider releasing grand jury materials in other circumstances-potentially including, as relevant here, for reasons of historical significance?
 

 In
 
 Haldeman
 
 , this court, sitting en banc, faced the contention that a district court's authority to disclose grand jury materials is confined to the exceptions in Rule 6(e). The district court in that case had ordered the disclosure of materials from the Watergate grand jury to the House Judiciary Committee for its consideration in investigating the possible impeachment of President Nixon. Only one of the exceptions in Rule 6(e) even arguably applied: when disclosure occurs "preliminarily to or in connection with a judicial proceeding."
 
 See
 
 Rule 6(e)(3)(E)(i).
 

 The petitioners in
 
 Haldeman
 
 asked our court to prohibit the district court from releasing the grand jury materials to the House Judiciary Committee. We declined to do so and instead sustained the district court's disclosure order.
 
 501 F.2d at 716
 
 . Our decision thus settled that a district court retains discretion to release grand jury matter to a House Committee in the specific context of an impeachment inquiry.
 

 But what are the implications of our decision in
 
 Haldeman
 
 for a district court's authority to release grand jury materials outside the impeachment context? And, in particular, does a district court possess inherent discretion to consider disclosure beyond the specific exceptions set out in Rule 6(e) -including, as relevant here, for reasons of historical significance?
 

 The petitioners in
 
 Haldeman
 
 argued no. They believed the district court lacked discretion to disclose the grand jury materials to the House Judiciary Committee unless the circumstances fit within the Rule 6(e) exception for judicial proceedings. They "asserted, both in the District Court and here, that the discretion ordinarily reposed in a trial court to make such disclosure of grand jury proceedings as he deems in the public interest is, by the terms of Rule 6(e)... limited to circumstances incidental to judicial proceedings and that impeachment does not fall into that category."
 

 Id.
 

 at 715
 
 .
 

 In rejecting the petitioners' argument, we said that the district judge, Chief
 Judge Sirica, "ha[d] dealt at length with this contention," that we were "in general agreement with his handling of the[ ] matter[ ]," and that "we fe[lt] no necessity to expand his discussion."
 

 Id.
 

 Our decision thereby subscribed to Chief Judge Sirica's rationale for his disclosure order. The question for our purposes, then, is whether he ordered the disclosure on an understanding that he had inherent discretion to release grand jury materials outside the Rule 6(e) exceptions, or whether he instead believed he was confined to those exceptions but that the disclosure to the House Judiciary Committee fit within the exception for judicial proceedings.
 

 I understand Chief Judge Sirica to have adopted-and thus our court to have ratified-the former understanding. He began his analysis by stating that, as to "the question of disclosure," "judicial authority" is "exclusive."
 
 In re Report & Recommendation of June 5, 1972 Grand Jury
 
 ,
 
 370 F.Supp. 1219
 
 , 1226 (D.D.C. 1974). He noted decisions that had assessed the propriety of disclosure by weighing, "among other criteria, judicial discretion over grand jury secrecy, the public interest, and prejudice to persons named by the [grand jury] report."
 

 Id.
 

 at 1227
 
 . Those considerations led him to conclude "that delivery to the Committee is eminently proper, and indeed, obligatory."
 

 Id.
 

 Judge Sirica identified the "only significant objection to disclosure" to be "the contention that release ... is absolutely prohibited by Rule 6(e)."
 

 Id.
 

 He emphasized, though, that the "rule continues the traditional practice of secrecy on the part of members of the grand jury,
 
 except when the court permits a disclosure.
 
 "
 

 Id.
 

 (emphasis in original). He reviewed decisions addressing the exception for judicial proceedings and concluded that the "difficulty in application of Rule 6(e) to specific fact situations likely arises from the fact that its language regarding 'judicial proceedings' can imply limitations on disclosure much more extensive than were apparently intended."
 

 Id.
 

 at 1229
 
 .
 

 Of particular salience, Judge Sirica favorably referenced a then-recent "opinion written by Chief Judge Friendly" in which "the Second Circuit held that Rule 6(e) did not bar public disclosure of grand jury minutes[ ]
 
 wholly apart from judicial proceedings
 
 ."
 

 Id.
 

 (emphasis added). The Second Circuit had found that the judicial-proceeding exception was "inapplicable" because the court had "not been told of any judicial proceeding preliminary to or in connection with which the ... grand jury testimony may be relevant."
 
 In re Biaggi
 
 ,
 
 478 F.2d 489
 
 , 492 (2d Cir. 1973). But the court still allowed disclosure, even though no Rule 6(e) exception applied.
 

 Id.
 

 at 492-93 ;
 
 see
 

 id.
 

 at 493-94
 
 (Hays, J., dissenting) (noting that the majority allowed disclosure even though it "concede[d] that the present situation does not present a case for the application of any of the exceptions specified in the Rule").
 

 Judge Sirica, in concluding that "[p]rinciples of grand jury secrecy do not bar [the] disclosure" at issue in
 
 Haldeman
 
 , explained that he was "persuaded to follow the lead ... of Judges Friendly and Jameson" in
 
 Biaggi
 
 .
 
 370 F.Supp. at 1230
 
 . He also listed additional decisions he was "persuaded to follow" in which disclosure had been authorized.
 

 Id.
 

 Those decisions, like
 
 Biaggi
 
 , did not involve disclosures justified on the theory that they fell within any Rule 6(e) exception. I thus understand Judge Sirica to have ordered disclosure on the understanding that he retained inherent discretion to release grand jury materials outside of Rule 6(e) 's exceptions.
 

 Granted, Judge Sirica at one point described the House Judiciary Committee as "a body that in this setting acts simply as another grand jury."
 

 Id.
 

 But, as his reliance
 on
 
 Biaggi
 
 and the other decisions shows, he did not compare the Committee to "another grand jury" on any theory that the Committee's investigation implicated the judicial-proceedings exception. In fact, the Advisory Committee later added an exception allowing disclosures from one grand jury to another, reasoning that such a transfer fell outside the pre-existing judicial-proceedings exception.
 
 See
 
 Rule 6(e)(3)(C) advisory committee's note to 1983 amendment. Rather, Judge Sirica compared the Committee to "another grand jury" to convey that the Committee likewise would "insure against unnecessary and inappropriate disclosure."
 
 370 F.Supp. at 1230
 
 .
 

 For those reasons, when our court in
 
 Haldeman
 
 endorsed Judge Sirica's approach, we in my view affirmed his understanding that a district court retains discretion to release grand jury materials outside the Rule 6(e) exceptions. To be sure,
 
 Haldeman
 
 -unlike my colleagues' careful opinion in this case-contains no meaningful analysis of Rule 6(e) 's terms. But Rule 6(e) has not changed since
 
 Haldeman
 
 in any way material to the issue we address today. And my reading of
 
 Haldeman
 
 squares with the reading of the decision adopted by each of our sister circuits to have interpreted it.
 
 See
 

 Pitch v. United States
 
 ,
 
 915 F.3d 704
 
 , 710 n.5 (11th Cir. 2019) ;
 
 Carlson v. United States
 
 ,
 
 837 F.3d 753
 
 , 766 (7th Cir. 2016). It also squares with the Advisory Committee's evident reason for declining to add a Rule 6(e) exception for historically-significant materials-viz., that district courts already authorized such disclosures as a matter of their inherent authority.
 
 See
 

 Pitch
 
 ,
 
 915 F.3d at 715
 
 (Jordan, J., concurring). It is also consistent with various decisions relied on by my colleagues,
 
 see
 

 supra
 
 at 845-47 & n.3, none of which dealt with whether courts can order disclosures outside of Rule 6(e) 's exceptions.
 

 Because my colleagues conclude that district courts lack authority to release grand jury materials outside the Rule 6(e) exceptions, they have no occasion to decide whether, if district courts do have that authority, the district court in this case appropriately declined to exercise it. I therefore do not reach that issue either. But on the threshold question of whether district courts have discretion to consider disclosures beyond Rule 6(e), I respectfully dissent from my colleagues' view based on my different reading of our decision in
 
 Haldeman
 
 .