**John Joseph FRANK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14279.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 26, 1958.

Decided Oct. 20, 1958.

**696**

Mr. Edward L. Carey, Washington, D. C., with whom Messrs. Walter E. Gillcrist and William M. Donnelly, Washington, D. C., were on the brief, for appellant.

Messrs. Jerome L. Avedon and Bruce J. Terris, Attorneys, Department of Justice, with whom Messrs. Harold D. Koffsky, Philip R. Monahan, and Plato C. Cacheris, Attys., Dept. of Justice, were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.

EDGERTON, Chief Judge.

The appellant was convicted of violating the Foreign Agents Registration Act of 1938 by "wilfully" failing to register as agent of a foreign government and "wilfully" acting as agent without registering. 52 Stat. 631, as amended, 22 U.S.C.A. §§ 612, 618.

In the prosecutor's opening statement he referred not only to competent evidence, which was duly introduced, but also to evidence that the appellant had "denied any knowledge of the disappearance of a Columbia University Professor named Jesus de Galindez, except that which he had read in the newspapers." Over appellant's objection the prosecutor said there would be testimony about a "strange adventure * * * that Mr. Frank engaged in on behalf of Trujillo and the Dominican Republic. You will recall that he denied to Agent Woodcock that he had ever met Murphy except on one occasion. * * * We will show that in behalf of the agency relationship, he worked with Murphy, he rented an airplane, was flown down to the Dominican Republic, contrary to the statement to the agent that he only met Murphy on one occasion, we will show that he had met Murphy on several other occasions." Over objection the prosecutor introduced evidence which implied that appellant was connected with the disappearance of the Dominican exile Galindez and the aviator Gerald Murphy. The prosecutor did not say those men were murdered, but their disappearance in circumstances that suggested murder was a matter of common knowledge. No doubt for that reason, the court admonished the jurors not to read about a scheduled press conference of Congressman Porter, and asked them whether they had heard a conversation in the courtroom during a recess between reporters and a man who was not identified to the jury, but was identified to the court, as the father of Murphy.

In his closing argument the prosecutor referred repeatedly to testimony linking appellant with Murphy, the Linden Airport, and the Galindez affair. He referred, for example, to "fixing up that plane for that strange mission" and to appellant's being "involved with * * * Murphy, and these mysterious airplane deals." He said: "The testimony that we put in relative to the incident around Linden Airport we felt in a sense was *broad beyond the case. We felt we had our case in before that* through Mrs. Newcomer and Mrs. Frederick and the other witnesses. But let me tell you how the Government feels that those activities up there were an example of the defendant acting at the behest of the Dominican Republic and Trujillo." (Emphasis added.) Further references to the Galindez-Murphy affair followed.

The government argues that if appellant lied to an FBI agent in response to questions about Murphy, "that fact was in turn the legitimate basis for an inference of consciousness of guilt on appellant's part and a pertinent consideration for the jury to take into account in determining the willfulness *vel non* of his failure to register." But the probative value of the evidence about the Galindez-Murphy affair was too slight and its prejudicial tendency too great to justify its introduction. "Although sensational and shocking evidence may be relevant, it has an objectionable tendency to prejudice the jury. It is, therefore, incompetent unless the exigencies of proof make it necessary or important that the case be proved that way. There was no such need here." United States v. 88 Cases, More or Less, Containing Bireley's Orange Beverage, 3 Cir., 187 F.2d 967, 975. We reverse appellant's convictions on the ground that the prosecutor's attempt to connect him in the jury's minds with the Galindez-Murphy affair deprived him of a fair trial.

Reversed and remanded for a new trial.

PRETTYMAN, Circuit Judge (dissenting).

I think Frank was not deprived of a fair trial. The issue was whether Frank was an agent of the Dominican Republic (or of Trujillo). The Government proved that Frank told an F.B.I. agent he had met a man named Murphy only once. The Government proved that Murphy, with known Dominicans, was engaged in certain enterprises in this country, and it further proved that Frank was with these people in the initial stages of the enterprises. I think the Government employed legitimate trial tactics. That the enterprises were notorious and well-publicized could not deprive the Government of its right to prove that Frank had lied about his acquaintanceship with Murphy, who was connected with or engaged in behalf of the Dominican Republic. I would affirm the judgment.