In re: SEALED CASE

No. 00–3076.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 8, 2001.

Decided May 11, 2001.

Before: EDWARDS, Chief Judge, GINSBURG and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

A witness before a grand jury sitting in the United States District Court for the District of Columbia testified that he had received a copy of the qui tam complaint in a certain sealed civil proceeding then pending before a different federal district court. Two prosecuting attorneys from the Department of Justice, acting upon their own initiative and without the approval of the court supervising the grand jury (hereinafter sometimes referred to as the grand jury court), informed the judge hearing the qui tam case of the breach of the seal and provided him with a summary of the witness's testimony before the grand jury. That judge then sent a letter to the district court here requesting a copy of the relevant testimony, and the Government moved the court *ex parte* to transmit the testimony pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E). The court acceded and ordered the relevant portions of the grand jury transcript transmitted to the court that had requested them (hereinafter sometimes referred to as the qui tam court).

The plaintiffs in this case, including the witness who testified before the grand jury about the breach of the seal, are also plaintiffs in the qui tam action; they are aggrieved because divulgement and subsequent transmission of the grand jury testimony have jeopardized their entitlement to share in the financial settlement in the civil case. The plaintiffs appeal from the district court's denial of two motions: one requesting that the Government be ordered to show cause why it should not be held in contempt for violating Rule 6(e) by divulging to the qui tam court a matter occurring before the grand jury; and another seeking vacatur of the district court's order transmitting the testimony to that court because the order did not comply with the requirements of Rule 6(e)(3)(E).

As to the first motion, we hold that although the Government violated Rule 6(e) when the two prosecutors sent a summary of the testimony to the qui tam court without the approval of the court supervising the grand jury, the latter court appropriately declined to order the Government to show cause why it should not be held in contempt; the court had previously ratified the disclosure when it ordered transmission of the testimony. As to the second motion, we hold that the court's transmission of the testimony failed to comply with Rule 6(e)(3)(E) because the court did not include the required "written evaluation of the need for continued grand jury secrecy"; only if the court upon remand properly makes and transmits such an evaluation will its transmission of the materials be valid.

## I. Background *

In 1996 a certain party filed a qui tam complaint under the False Claims Act, 31 U.S.C. § 3730, with a district court in an-

other circuit. That court ordered the proceedings sealed, as required by 31 U.S.C. § 3730(b)(2)-(b)(4). The plaintiffs in this case later filed in that same district a separate qui tam complaint substantially similar to the first such complaint, and the two complaints were consolidated (along with other similar complaints). Although the qui tam court ultimately dismissed the present plaintiffs' complaint on a jurisdictional ground, the parties later entered into a settlement agreement under which these plaintiffs were to share in the proceeds.

Subsequently a grand jury was impaneled by the district court in the District of Columbia to investigate allegations that certain government employees had received payments out of the aforementioned settlement. The Criminal Division of the Department of Justice handled the investigation. One of the plaintiffs in this case testified before the grand jury that he had received from a government employee a copy of the first complaint filed under seal with the qui tam court. The witness (and present plaintiff) testified that he promptly returned the complaint to the sender and advised the sender that he should not have sent it. Acting upon this testimony, agents from the Office of the Inspector General (OIG) in the Department of the Interior interviewed the sender, who said that he had indeed sent the complaint for the purpose of getting advice but that he had not known the complaint was under seal.

On July 18, 2000 two prosecutors from the Department of Justice filed with the qui tam court, under seal and *ex parte*, a document they styled "Notice to the Court of A Breach of Seal." In that document the prosecutors summarized the nature of the grand jury proceedings, the substance

---

* Certain factual details are necessarily omitted because this case is itself under seal.

of the witness-plaintiff's testimony, and the answers the sender gave in the ensuing interview with OIG agents. With respect to the grand jury testimony, they specifically stated "[the witness] testified that he received a copy of the then-sealed ... qui tam from [the government sender]." The prosecutors also explained that the grand jury proceeding was ongoing and asked the qui tam court, in order to avoid interfering with their criminal investigation, to afford the DOJ an opportunity to seek a stay of the civil proceedings should the court decide to disclose the breach of seal to the qui tam parties.

In response, the qui tam court urged the Government to move the grand jury court under Rule 6(e) to transmit the grand jury testimony to it for review, which the Government did on July 26. Immediately thereafter the qui tam court sent its own letter to the grand jury court requesting transmission of the testimony. On August 1 the grand jury court held a sealed, *ex parte* proceeding at which only the Government was represented; there the court balanced the need for grand jury secrecy against the public interest in avoiding an injustice in the qui tam case, and ordered transmission of the relevant grand jury materials to the qui tam court.

On August 9 the qui tam court held a sealed, *in camera* hearing attended by counsel for all the plaintiffs sharing in the settlement. Having considered the objections of the plaintiffs in this case and the public interest in grand jury secrecy, the qui tam court nonetheless decided to disclose to the other plaintiffs that the plaintiffs in this case had illicitly learned of the initial sealed complaint before filing their own: the "integrity of the court ha[d] been violated" and the plaintiffs in this case "should not be allowed to keep the gains that they have made because of their bad faith filing" of a copycat complaint. At the same time, the qui tam court invited the other plaintiffs to consider initiating civil contempt proceedings against these plaintiffs; it also suggested that it might initiate proceedings to sanction them for criminal contempt. The plaintiffs here represent that other plaintiffs in the qui tam case have indeed since "filed contempt motions against [them] and requested disgorgement of all past settlement monies paid to [them]"; and that the qui tam court "has frozen all future settlement money" owed to them under the settlement agreement.

Thus aggrieved by the disclosure of the grand jury testimony, these plaintiffs moved the grand jury court to (1) order the Government to show cause why it should not be held in contempt for disclosing the testimony in the "Notice" to the qui tam court; and (2) vacate its order transferring grand jury testimony to the qui tam court. The grand jury court denied both motions because it had already determined that the competing interests weighed in favor of transmission and it "s[aw] no good reason to revisit [its prior] ruling." The plaintiffs now appeal from the denial of those motions.

## II. Analysis

As the Supreme Court has said, "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). That secrecy safeguards vital interests in (1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated. *Id.* at 219, 99 S.Ct. 1667. In order to protect these interests, "[b]oth

Congress and th[e] Court have consistently stood ready to defend [grand jury secrecy] against unwarranted intrusion. In the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this secrecy has been authorized." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 425, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

Rule 6(e)(2) protects the secrecy of grand jury proceedings by specifying that "[a]n attorney for the government ... shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules." The exceptions permit disclosure: (i) to an attorney for the Government in the performance of that attorney's duty; (ii) to such government personnel as an attorney for the Government deems necessary to assist an attorney in enforcing federal criminal law; or (iii) to another federal grand jury. Rule 6(e)(3)(A) and (3)(C)(iii). The Rule also permits, when directed by a court, disclosure: (i) preliminary to or in connection with a judicial proceeding; (ii) at the request of a criminal defendant if the defendant shows cause; or (iii) to an appropriate state or local official for the purpose of enforcing state criminal law. *See* Rule 6(e)(3)(C). It is against this legal background that we analyze the two motions here at issue.

### A. Motion To Order Government To Show Cause Why It Should Not Be Held in Contempt

■ The plaintiffs moved the district court to order the Government to show cause why it should not be held in civil contempt for disclosing grand jury testimony to the qui tam court. The plaintiffs also sought equitable relief for the alleged civil contempt, thereby asserting a cognizable interest in preventing transmittal of the grand jury testimony. *Cf. Barry v.*

*United States*, 865 F.2d 1317, 1322 (D.C.Cir.1989) (private party lacks cause of action for civil contempt without other equitable relief).

■ We readily agree with the plaintiffs that the Government violated Rule 6(e)(2) when, without prior authorization from the grand jury court, it filed with the qui tam court the Notice summarizing the grand jury testimony of one of the present plaintiffs. Indeed, the Government does not dispute that its summary of the plaintiff's testimony in the Notice embraces "matters occurring before the grand jury," Rule 6(e)(2), or that its summary does not come within any exception enumerated in the Rule.

The Government instead takes the untenable and disturbingly cavalier position that "[a] sealed, *ex parte*, conveyance of grand jury information to a federal judge who is acting in his judicial capacity is not a 'disclosure' within the meaning of the grand jury secrecy rule." For this the Government relies upon that eminent legal authority, Webster's New Collegiate Dictionary (1977), which defines to "disclose" as to "expose to view" or to "make known or public." By this logic the Government presumably would have us read the Rule to permit any revelation of matters occurring before a grand jury as long as it is not made to "the public" or at least a member thereof. That position, however, is foreclosed by the Rule itself, which expressly provides that grand jury information may in specified circumstances be conveyed to "an attorney for the government," "government personnel," "another federal grand jury," and "an appropriate official of a state or subdivision of a state"; the necessary implication is that absent such express exceptions, sharing grand jury information with those persons would be a prohibited disclosure even though they are not "the public."

■ Moreover, the Government's interpretation of the Rule defies the Supreme Court's clear instruction in *Sells Engineering*, 463 U.S. at 425–27, 103 S.Ct. 3133, that exceptions to Rule 6(e) must be narrowly construed and that secrecy concerns extend to disclosures made to (and indeed, within) the Government itself. There the Court rejected the argument that Rule 6(e)(3)(A)(i) permits the disclosure of grand jury material to an attorney on the civil—as opposed to the criminal—side of the DOJ:

> [D]isclosure to Government bodies raises much the same concerns that underlie the rule of secrecy in other contexts. Not only does disclosure increase the number of persons to whom information is available (thereby increasing the risk of inadvertent or illegal disclosure to others), but it renders considerably more concrete the threat to the willingness of witnesses to come forward and to testify fully and candidly. If a witness knows or fears that his testimony before the grand jury will be routinely available for use in governmental civil litigation or administrative action, he may well be less willing to speak for fear that he will get himself into trouble in some other forum.

463 U.S. at 432, 103 S.Ct. 3133. The disclosure the Government made in this case clearly implicates the *Sells* Court's concern about penalizing a witness for testifying: Although the disclosure was made to the qui tam court and not to a government attorney for use in a civil investigation, the result has been that civil contempt proceedings were brought against the plaintiffs in this case, they may be required to disgorge the proceeds of their settlement, and they face the possibility that the qui tam court itself will initiate criminal contempt proceedings against them. Whatever the equities of the matter in the qui tam court, therefore, we have no doubt that this revelation is within the core concern of Rule 6(e).

With respect to the specific provisions of the Rule, we simply do not understand how the Government can both concede the Rule "does not explicitly authorize a government attorney to give grand jury materials to the federal judge presiding over the civil litigation," and yet maintain the Rule does not "prohibit the prosecutor from communicating some grand jury information to the judge." The Rule on its face prohibits such a communication because it does not except it from the general prohibition. Again, to hold otherwise clearly would contradict the teaching of the Court in *Sells*, 463 U.S. at 425, 103 S.Ct. 3133. The Government's effort to show there is a place for implied exceptions to the Rule by noting that it "routinely includes grand jury information in sealed search warrant affidavits" comes to naught: as the plaintiffs point out, that use of grand jury information is expressly authorized by Rule 6(e)(3)(A)(i) ("Disclosure otherwise prohibited ... may be made to ... such government personnel ... as are deemed necessary by a[ government] attorney to assist ... in the performance of such attorney's duty to enforce federal criminal law").

The Government's remaining arguments from the Rule itself are easily dispatched. It argues that because Rule 6(e)(3)(C) excepts certain disclosures when "permitted [or directed] by a court," the Rule necessarily excludes from the definition of "disclos[ure]" any communication of grand jury information to a court; the Government's reasoning is that the permitting or directing court must have "some knowledge of the grand jury material" in order to decide whether it should be disclosed. In this case, however, the grand jury material is to be used in another "judicial proceeding," as provided in Rule 6(e)(3)(C)(i); and be-

cause Rule 6(e)(3)(D) specifies the federal district court "in the district where the grand jury convened" as the court that may authorize such a disclosure, the Government's unauthorized disclosure of the material to any other court is indeed a prohibited disclosure. We therefore need not decide whether revelation of grand jury materials to a different court pursuant to another of the exceptions enumerated in Rule 6(e)(3)(C) necessarily constitutes a disclosure, but we do note that the Government cites no precedent—nor do we know of any—holding that it does not. The Government also argues that use of the word "transmit[ ]" in Rule 6(e)(3)(E) to describe the movement of grand jury material from a court supervising a grand jury to a federal district court in another district for use in a judicial proceeding there means that the revelation of information to a court is not a "disclosure." This argument is plainly misconceived because Rule 6(e)(3)(E) specifically requires that the court supervising the grand jury transmit to the other court "a written evaluation of the need for continued grand jury secrecy" along with the grand jury material; that prescription would be meaningless if free movement of grand jury information among courts were permitted in any event.

For the foregoing reasons there can be no doubt that the two prosecutors violated the proscription of Rule 6(e) on July 18 when they sent their Notice to the qui tam court. The proper course would have been for the Government to petition the grand jury court to transmit the materials pursuant to Rule 6(e)(3)(E). And on July 26— as we have seen before—the Government did just that.

 When the plaintiffs moved the grand jury court on August 14 to order the Government to show cause why it should not be held in contempt, they undoubtedly made out a prima facie case that the Government had violated Rule 6(e) on July 18. Although the grand jury court's ultimate decision whether to hold the Government in contempt would be subject to review only for abuse of discretion, see Rule 6(e)(2) ("a knowing violation ... may be punished"), ordinarily "[o]nce a prima facie case is shown, the district court must conduct a 'show cause' hearing," Barry v. United States, 865 F.2d 1317, 1321 (D.C.Cir.1989) (emphases added); at that hearing the Government's burden would be "to rebut the inferences drawn from the [evidence] establish[ing] the prima facie case" that it had violated the Rule. In re Sealed Case No. 98–3077, 151 F.3d 1059, 1075 (D.C.Cir.1998). In this case the grand jury court did not err in denying the plaintiffs' show cause motion, however, because there was no possibility the court would give the plaintiffs the relief they sought. The overwhelming fact is that on August 1 the grand jury court had itself determined upon a proper request from the Government that the underlying testimony summarized in the Notice should be transmitted to the qui tam court. As such, it would have been pointless for the grand jury court to hold a show cause hearing: Because the Government could not undo the July 18 disclosure, holding the Government in civil contempt would serve no useful purpose; the court would in no event have ordered the recall and suppression of the materials, and it was quite right in "see[ing] no good reason to revisit [its prior] ruling [transmitting the testimony]." Accordingly, notwithstanding the Government's initial violation of the Rule, we affirm the district court's denial of the plaintiffs' motion to require the Government to show cause why it should not be held in contempt.

## B. Motion To Vacate the Order To Transfer Grand Jury Material

Rule 6(e) specifies how and under what conditions one federal district court may

transmit grand jury material to another federal district court for possible disclosure in a judicial proceeding in the transferee court: A petition is to be filed in the district where the grand jury convened; if the Government is the petitioner, then the court may hold an *ex parte* hearing to consider the petition. *See* Rule 6(e)(3)(D).

■ A matter occurring before a grand jury may not be disclosed unless there is a "particularized need" therefor; that is, only if the "material [sought] is needed to avoid a possible injustice in another judicial proceeding, . . . the need for disclosure is greater than the need for continued secrecy, and . . . the[ ] request is structured to cover only material so needed." *Douglas Oil Co.*, 441 U.S. at 222, 99 S.Ct. 1667. In the case just cited the Court held that the appropriate procedure generally is for the court of the district in which the grand jury convened,

> after making a written evaluation of the need for continued grand jury secrecy and a determination that the limited evidence before it showed that disclosure might be appropriate, to send the requested materials to the court[ ] where the civil cases were pending. The [transferee] court, armed with [its] special knowledge of the status of the civil actions, then [may] consider[ ] the requests for disclosure in light of the supervisory court's evaluation of the need for continued grand jury secrecy. In this way, both the need for continued secrecy and the need for disclosure [can be] evaluated by the courts in the best position to make the respective evaluations.

*Id.* at 230–31, 99 S.Ct. 1667. Rule 6(e)(3)(E) now codifies this procedure: "The court [where the grand jury convened] shall order transmitted to the court to which the matter [i.e. the petition for disclosure] is transferred the material

sought to be disclosed . . . and a written evaluation of the need for continued grand jury secrecy."

In this case, however, the order of the court transmitting grand jury material to the qui tam court did not comply with Rule 6(e)(3)(E). The court failed to transmit a "written evaluation of the need for continued grand jury secrecy."

■ The Government notes that later, in addressing the plaintiffs' motion to vacate its order transferring the grand jury materials to the qui tam court, the grand jury court said that prior to ordering the transfer it had "balanced such need [for continuing secrecy] against the asserted interest in avoiding injustice in another federal district court." The grand jury court's performance under Rule 6(e) is nonetheless deficient in three respects: First, it did not supply a "written evaluation" to the qui tam court, along with the grand jury materials, as contemplated by the Rule. Second, the court's subsequent statement that it had balanced the competing interests—even had it been made before rather than after the transmission— was too conclusory to inform the qui tam court's balancing by conveying the grand jury court's knowledge of the continuing need for grand jury secrecy in the particular circumstances of this investigation. Third, the grand jury court overreached in balancing the interest in secrecy—with which it was familiar—against the need for disclosure, as to which the qui tam court had the comparative advantage; it thereby intruded upon the role of the transferee court, which is to make a fully informed determination of the need for disclosure and to perform the ultimate balancing in accordance with *Douglas Oil Co.* and Rule 6(e)(3)(E). The only way to cure these defects in any degree is for the grand jury court now to make a "written evaluation" of the nature and extent of the need for

continued grand jury secrecy and to transmit it to the qui tam court for that court to make its own, more completely-informed determination in light of the former court's submission.

The plaintiffs insist, however, that "no remedy other than recall of all material and total suppression will redress the harm" they incurred because of the district court's error, and that the court therefore should have vacated its August 1 order transmitting materials to the qui tam court; still further, they argue that transfer cannot proceed anew at this point. Neither of these propositions is well founded.

First, the plaintiffs argue that "even a subsequent disclosure that complied with Rule 6(e)'s mandates could not eradicate the taint created by the government's initial, improper release of materials to the [qui tam] court." The exclusionary rule from which the plaintiffs implicitly borrow is limited to the cure of constitutional violations; no precedent supports its extension to this breach of a Federal Rule of Criminal Procedure with no constitutional underpinnings. Nor is there any taint to eradicate: The Government's July 26 motion for release by the grand jury court is in no way the fruit of its July 18 disclosure to the qui tam court; the Government obtained no additional evidence because of its disclosure and was no better served than if it had properly petitioned the grand jury court in the first instance. The plaintiffs' first cogent articulation of a rationale for their claim of "taint" came at oral argument, when they suggested that the letter the qui tam court sent to the grand jury court requesting transmission of the grand jury testimony was the fruit of the Government's improper disclosure and may have informed the district court's decision in favor of transmission. This is too little, too late; we are left with no reason to think the district court would not have ordered the transmission even if all it knew was that the qui tam court's seal—unbeknownst to that court—apparently had been breached.

██ Second, the plaintiffs argue that Rule 6(e) categorically bars disclosure of grand jury materials while the grand jury is still sitting. For this they claim support from the Second Circuit's inability some time ago to identify "a single case authorizing disclosure of a witness' testimony during the pendency of grand jury investigations." *In re Bonanno*, 344 F.2d 830, 834 (2d Cir.1965). The Rule itself, however, draws no distinction between ongoing and completed grand jury proceedings. The plaintiffs draw our attention to various places in the Advisory Committee's Notes on Rule 6 where the past tense is used, and to the reference in Rule 6(e)(3)(E) to "the need for *continued* grand jury secrecy" (emphasis added), which they see as suggesting that the grand jury proceedings must have been concluded; but the Government reciprocally points to Rules 6(e)(2) and (3)(C), which speak in the present tense of "matters *occurring* before the grand jury" (emphasis added), and therefore just as strongly suggest that a proceeding may be ongoing. More important, however, the Supreme Court has clearly indicated the inquiry into "particularized need" would govern regardless whether the grand jury is ongoing. *See Douglas Oil Co.*, 441 U.S. at 222, 99 S.Ct. 1667 (inquiry proceeds "even when the grand jury whose transcripts are sought has concluded its operations").

Third, the plaintiffs insist the district court may not proceed *ex parte* in determining whether to transmit the materials. The Rule, however, expressly permits the court to proceed *ex parte* where the Government is the petitioner, as it was here. *See* Rule 6(e)(3)(D). The plaintiffs' sole

basis for arguing to the contrary is the Ninth Circuit's statement that the Government must make "a specific showing of the need to make the disclosure *ex parte*," which could be done only in "the most unusual cases." *United States v. Nix*, 21 F.3d 347, 352 (1994). *Nix*, however, is on its face limited to cases in which the Government petitions on behalf of a private litigant and therefore "must make the same showing as the private litigant would be required to make"—that is, ordinarily in open court. *Id.* at 351–52. As it would be inapt to assimilate the qui tam court to a private litigant for this purpose, we see no reason to doubt the Government may here petition *ex parte* as authorized under the Rule.

Fourth, the plaintiffs argue that because the judge of the qui tam court was effectively "the party petitioning for the material," there would be "an irreconcilable conflict of interest for that selfsame judge to serve as" the ultimate decisionmaker who assesses "particularized need." Here the plaintiffs conflate the qui tam court's legitimate concern for doing justice to the parties before it with a personal interest on the part of the judge; any decision to disclose the grand jury materials to the parties in the civil action is for their benefit, not that of the court. If the qui tam court—once it receives the grand jury court's written evaluation of the need for continued secrecy—in fact orders disclosure, it will be doing so only because it weighed the competing considerations and struck the balance on that side. That is the very process dictated by the Supreme Court in *Douglas Oil Co.* and by the Rule itself, and no bias can be ascribed to the qui tam court for adhering to it.

Finally, the plaintiffs maintain that the provisions of Rule 6(e) authorizing the transmission of grand jury materials "in connection with a judicial proceeding" are inapposite to this case; their claim is that a would-be transferee court cannot itself be a petitioner under Rule 6(e), nor can the Government act on its behalf.

As to the first aspect of that claim, the plaintiffs try to make something of the Court's allusion in *Douglas Oil Co.* to the "occasional need for litigants" to obtain grand jury transcripts, 441 U.S. at 220, 99 S.Ct. 1667, but that obviously does not rule out the possibility that a district court might likewise need to obtain a transcript in connection with a "judicial proceeding" before it.

 As to the ability of the Government to petition on behalf of a transferee court, the plaintiffs again seek support from *United States v. Nix*. But the Ninth Circuit did not there circumscribe the ability of the United States to petition under Rule 6(e); quite the contrary, it held that the United States may petition not only on its own behalf, but also, as it had in that case, on behalf of a private party. *Id.* at 351. We see no reason the United States may not likewise petition on behalf of a federal district court, which has an important interest in the integrity of its seal. (We note also, for what it is worth, that the private parties before that court are the immediate beneficiaries of any disclosure the qui tam court may make.) The plaintiffs then suggest that because the *Sells Engineering* decision, above, precludes the Government from using its access to the grand jury to further its interest in related civil litigation, "this Court should reject the interpretation that Rule 6(e)(3)(C)(i) permits disclosure of secret grand jury materials to a federal court in a collateral civil matter." The lesson of *Sells*, however, is more nuanced than that: the Government may not freely use grand jury materials for civil litigation, but it may obtain a court order for such use under Rule 6(e)(3)(C)(i). *See* 463 U.S. at

442–44, 103 S.Ct. 3133. That is all the Government seeks in this case and all it may obtain in a properly conducted proceeding upon remand.

Evidently the plaintiffs would have us believe that Rule 6(e) precludes the Government from doing anything to bring grand jury testimony regarding the breach of a court's seal to the attention of that court. That is neither sensible nor consonant with the judgment reflected in the Rule that the Government may petition to disclose grand jury material "in connection with a judicial proceeding."

■ Inexplicably, however, the Government does not characterize its motion to have the district court transmit the materials to the qui tam court as a "petition" within the meaning of 6(e)(3)(D). Instead, it represents that "[i]n this case, because no one had petitioned for disclosure, [the grand jury court] and [the qui tam court] followed a slightly different procedure," the result of which was that the grand jury court decided *sua sponte* to transmit the materials to the qui tam court. Although the Rule does nothing affirmatively to authorize this procedure, the Government posits that "[s]ubsection D [of Rule 6(e)(2)] merely establishes a process when someone does 'petition for disclosure.'"

We cannot possibly sanction that interpretation. For one thing, it would be disingenuous to hold that the district court acted *sua sponte* when it ordered grand jury testimony transmitted in direct response to the Government's motion and its *ex parte* appearance (in support of the qui tam court's written request). Worse still, we would do substantial violence to the Rule if we were to accept the Government's proposition that the specification of procedures governing a petition under Rule 6(e)(3)(C)(i) leaves room for a court to release materials to another court without having received such a petition whenever it sees fit and presumably unconstrained by the notice and hearing requirements applicable to a petition. Therefore in keeping with the Rule, the district court should upon remand of this case proceed upon the understanding that the Government is acting under 6(e)(3)(D) as a petitioner on behalf of the qui tam court.

## III. Conclusion

For the foregoing reasons, we affirm the order of the district court denying the plaintiffs' motion to require the Government to show cause why it should not be held in contempt. We nonetheless remand this matter to the district court because its order to transfer grand jury materials to the qui tam court did not comply with Rule 6(e)(3)(E). Consistent with this opinion, the district court shall transmit to the qui tam court "a written evaluation of the need for continued grand jury secrecy."

*So ordered.*