Dissenting opinion filed by Circuit Judge Srinivasan.
 

 Ginsburg, Senior Circuit Judge:
 

 Historian Stuart A. McKeever appeals an order of the district court denying his petition to release grand jury records from the 1957 indictment of a former agent of the Federal Bureau of Investigation, which McKeever sought in the course of his research for a book he is writing. The district court, lacking positive authority, asserted it has inherent authority to disclose historically significant grand jury matters but denied McKeever's request as overbroad. On appeal, the Government argues the district court does not have the inherent authority it claims but rather is limited to the exceptions to grand jury secrecy listed in Federal Rule of Criminal Procedure 6(e).
 

 We agree with the Government. Accordingly, we affirm the order of the district court denying McKeever's petition for the release of grand jury matters.
 

 I. Background
 

 In 1956 Columbia University Professor Jesús de Galíndez Suárez disappeared from New York City. News media at the time believed Galíndez, a critic of the regime of Dominican Republic dictator Rafael Trujillo, was kidnapped and flown to the Dominican Republic and there murdered by Trujillo's agents.
 
 Witness Tells of Galindez Pilot's Death
 
 , N.Y. TIMES (Apr. 6, 1964); Dwight D. Eisenhower, The President's News Conference of April 25, 1956, in Public Papers of the Presidents of the United States 440-41 (1956). To this day, the details of Galíndez's disappearance remain a mystery.
 

 Stuart McKeever has been researching and writing about the disappearance of Professor Galíndez since 1980. In 2013 McKeever petitioned the district court for the "release of grand jury records in the Frank case," referring to the 1957 investigation and indictment of John Joseph Frank, a former FBI agent and CIA lawyer who later worked for Trujillo, and who McKeever believed was behind Galíndez's disappearance. The grand jury indicted
 Frank for charges related to his failure to register as a foreign agent pursuant to the Foreign Agents Registration Act of 1938 but never indicted him for any involvement in Galíndez's murder.
 
 See
 

 Frank v. United States
 
 ,
 
 262 F.2d 695
 
 , 696 (D.C. Cir. 1958).
 

 The district court asserted it has "inherent supervisory authority" to disclose grand jury matters that are historically significant, but nevertheless denied McKeever's request after applying the multifactor test set out
 
 In re Craig
 
 ,
 
 131 F.3d 99
 
 , 106 (2d Cir. 1997). Although several of the nine non-exhaustive factors favored disclosure, the district court read McKeever's petition as seeking release of all the grand jury "testimony and records in the Frank case," which it held was overbroad. McKeever duly appealed.
 
 [1]
 

 We review de novo the district court's assertion of inherent authority to disclose what we assume are historically significant grand jury matters.
 
 Cf.
 

 United States v. Doe
 
 ,
 
 934 F.2d 353
 
 , 356 (D.C. Cir. 1991). Because we hold the district court has no such authority, we need not determine whether it abused its discretion in denying McKeever's petition as overbroad.
 
 [2]
 

 II. Analysis
 

 The Supreme Court has long maintained that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."
 
 Douglas Oil Co. v. Petrol Stops Northwest
 
 ,
 
 441 U.S. 211
 
 , 218,
 
 99 S.Ct. 1667
 
 ,
 
 60 L.Ed.2d 156
 
 (1979). That secrecy safeguards vital interests in (1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated.
 

 Id.
 

 at 219
 
 ,
 
 99 S.Ct. 1667
 
 . To protect these important interests,
 

 [b]oth the Congress and [the Supreme] Court have consistently stood ready to defend [grand jury secrecy] against unwarranted intrusion. In the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this secrecy has been authorized.
 

 United States v. Sells Engineering
 
 ,
 
 Inc
 
 .,
 
 463 U.S. 418
 
 , 425,
 
 103 S.Ct. 3133
 
 ,
 
 77 L.Ed.2d 743
 
 (1983).
 

 As we have said before, Federal Rule of Criminal Procedure 6(e)"makes quite clear that disclosure of matters occurring before the grand jury is the exception and not the rule" and "sets forth in precise terms to whom, under what circumstances and on what conditions grand jury information may be disclosed."
 
 Fund of Constitutional Gov't v. Nat'l Archives & Records Serv.
 
 ,
 
 656 F.2d 856
 
 , 868 (D.C. Cir. 1981). The full text of Rule 6(e) is reproduced in the Appendix. Of particular relevance here, Rule 6(e)(2)(B) sets out the general rule of grand jury secrecy and provides a list of "persons" who "must not disclose a matter occurring before the grand jury" "[u]nless these rules provide otherwise." Rule 6(e)(3) then sets forth a detailed list of "exceptions" to grand jury
 secrecy, including in subparagraph (E) five circumstances in which a "court may authorize disclosure ... of a grand-jury matter." As McKeever does not claim his request comes within any exception, the question before us is whether the list of exceptions is exhaustive, as the Government argues.
 

 We agree with the Government's understanding of the Rule. Rule 6(e)(2)(B) instructs that persons bound by grand jury secrecy must not make any disclosures about grand jury matters "[u]nless these rules provide otherwise." The only rule to "provide otherwise" is Rule 6(e)(3). Rules 6(e)(2) and (3) together explicitly require secrecy in all other circumstances.
 
 See
 

 Andrus v. Glover Constr. Co.
 
 ,
 
 446 U.S. 608
 
 , 616-17,
 
 100 S.Ct. 1905
 
 ,
 
 64 L.Ed.2d 548
 
 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent").
 

 That the list of enumerated exceptions is so specific bolsters our conclusion. For example, the first of the five discretionary exceptions in Rule 6(e)(3)(E) permits the court to authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding." Rule 6(e)(3)(E)(i). The second exception allows for disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Rule 6(e)(3)(E)(ii). The other three exceptions provide that a court may authorize disclosure to certain non-federal officials "at the request of the government" to aid in the enforcement of a criminal law, Rule 6(e)(3)(E)(iii)-(v) ; those provisions implicitly bar the court from releasing materials to aid in enforcement of civil law. Each of the exceptions can clearly be seen, therefore, as the product of a carefully considered policy judgment by the Supreme Court in its rulemaking capacity, and by the Congress, which in 1977 directly enacted Rule 6(e) in substantially its present form.
 
 See
 

 Fund for Constitutional Gov't
 
 ,
 
 656 F.2d at 867
 
 . In interpreting what is now Rule 6(e)(3)(E)(i), for example, the Supreme Court stressed that the exception "reflects a judgment that not every beneficial purpose, or even every valid governmental purpose, is an appropriate reason for breaching grand jury secrecy."
 
 United States v. Baggot
 
 ,
 
 463 U.S. 476
 
 , 480,
 
 103 S.Ct. 3164
 
 ,
 
 77 L.Ed.2d 785
 
 (1983).
 

 As the Government emphasizes, McKeever points to nothing in Rule 6(e)(3) that suggests a district court has authority to order disclosure of grand jury matter outside the enumerated exceptions. The list of exceptions in Rule 6(e)(3) does not lead with the term "including," nor does it have a residual exception.
 
 Cf., e.g.
 
 , FED. R. CIV. P. 60(b) (permitting the court to relieve a party from a final judgment or order for five listed reasons as well as "any other reason that justifies relief").
 

 The contrary reading proposed by McKeever - which would allow the district court to create such new exceptions as it thinks make good public policy - would render the detailed list of exceptions merely precatory and impermissibly enable the court to "circumvent" or "disregard" a Federal Rule of Criminal Procedure.
 
 Carlisle v. United States
 
 ,
 
 517 U.S. 416
 
 , 426,
 
 116 S.Ct. 1460
 
 ,
 
 134 L.Ed.2d 613
 
 (1996) ;
 
 see also
 

 Dietz v. Bouldin
 
 , --- U.S. ----,
 
 136 S.Ct. 1885
 
 , 1888,
 
 195 L.Ed.2d 161
 
 (2016) (The exercise of an inherent power "cannot be contrary to any express grant of, or limitation on, the district court's power contained in a rule or statute").
 

 In an effort to limit the natural consequences of his proposal, McKeever explains that the district court should be allowed to fashion new exceptions to grand
 jury secrecy only if they are "so different from the types of disclosures addressed by Rule 6(e)(3)(E) that no negative inference can be drawn." Amicus Reply Br. 14-16. That reasoning, however, ignores the likelihood that disclosures "so different" from the ones explicitly permitted by the rule are so far removed from permissible purposes of disclosure that the drafters saw no need even to mention them.
 

 Our understanding that deviations from the detailed list of exceptions in Rule 6(e) are not permitted is fully in keeping with Supreme Court precedent. Though the Court has not squarely addressed the present question, its Rule 6 opinions cast grave doubt upon the proposition that the district court has authority to craft new exceptions. McKeever does not cite any case - and we can find none - in which the Supreme Court upheld a disclosure pursuant to the district court's inherent authority after Rule 6 was enacted. The Supreme Court once suggested in a dictum that Rule 6"is but declaratory" of the principle that disclosure of a grand jury matter is "committed to the discretion of the trial judge,"
 
 Pittsburgh Plate Glass Co. v. United States
 
 ,
 
 360 U.S. 395
 
 , 399,
 
 79 S.Ct. 1237
 
 ,
 
 3 L.Ed.2d 1323
 
 (1959), but none of the cases it cited suggests a court has discretion to disclose grand jury materials apart from Rule 6. To the contrary, the Court said "any disclosure of grand jury [materials] is covered" by Rule 6(e).
 

 Id.
 

 at 398
 
 ,
 
 79 S.Ct. 1237
 
 . The disclosure sought in that case - in order to cross-examine a witness in civil litigation - plainly fell within the exception for use "in connection with a judicial proceeding."
 

 Id.
 

 at 396 n.1,
 
 79 S.Ct. 1237
 
 (quoting rule). The only "discretion" at issue involved the district court's determination whether the party seeking material covered by the exception had made a sufficiently strong showing of need to warrant disclosure.
 
 See
 

 id.
 

 at 398-99
 
 ,
 
 79 S.Ct. 1237
 
 ;
 
 see also
 

 Douglas Oil
 
 ,
 
 441 U.S. at 217-24
 
 ,
 
 99 S.Ct. 1667
 
 (describing same discretion). Indeed, the Court has at least four times since suggested the exceptions in Rule 6(e) are exclusive. In
 
 Baggot
 
 , 463 U.S. at 479-80,
 
 103 S.Ct. 3164
 
 , the Court prohibited disclosure of a witness's grand jury testimony for use in a civil investigation by the Internal Revenue Service. The Court held a civil tax audit was not "preliminary to [n]or in connection with a judicial proceeding" and therefore did not come within the exception in what is now Rule 6(e)(3)(E)(i). In reaching its conclusion, the Court explained that the exception at issue is "on its face, an affirmative limitation on the availability of court-ordered disclosure of grand jury materials."
 

 Id.
 

 at 479
 
 ,
 
 103 S.Ct. 3164
 
 ;
 
 see also
 

 Illinois v. Abbott & Assocs., Inc.
 
 ,
 
 460 U.S. 557
 
 , 567,
 
 103 S.Ct. 1356
 
 ,
 
 75 L.Ed.2d 281
 
 (1983) ( Rule 6(e)(3)(C)"authorize[s]" the court "to permit certain disclosures that are otherwise prohibited by the General Rule of Secrecy");
 
 United States v. Williams
 
 ,
 
 504 U.S. 36
 
 , 46 n.6,
 
 112 S.Ct. 1735
 
 ,
 
 118 L.Ed.2d 352
 
 (1992) (describing Rule 6(e), which "plac[es] strict controls on disclosure of 'matters occurring before the grand jury,' " as one of those "few, clear rules which were carefully drafted and approved by this Court and by the Congress to ensure the integrity of the grand jury's functions");
 
 Sells Engineering
 
 , 463 U.S. at 425,
 
 103 S.Ct. 3133
 
 ("In the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this secrecy has been authorized").
 

 Our understanding of Rule 6(e) is also supported by this court's precedents, which require a district court to hew strictly to the list of exceptions to grand jury secrecy. For example,
 
 In re Sealed Case
 
 ,
 
 801 F.2d 1379
 
 , 1381 (D.C. Cir. 1986), we said Rule 6(e)(2)"provides that disclosure of 'matters occurring before the
 grand jury' is prohibited unless specifically permitted by one of the exceptions set forth in Rule 6(e)(3)." A few years later, we reiterated this point
 
 In re Sealed Case
 
 ,
 
 250 F.3d 764
 
 , 768 (D.C. Cir. 2001), when we held that statements made by government attorneys to a qui tam court about a witness's grand jury testimony were an impermissible disclosure outside the strictures of Rule 6(e). In so holding, we rejected the Government's then-position that there is a place for implied exceptions to the Rule: "the Rule on its face prohibits such a communication because it does not except it from the general prohibition."
 

 Id.
 

 at 769
 
 . It would be most peculiar to have stressed then that the exceptions in Rule 6(e)"must be narrowly construed,"
 

 id.
 

 769
 
 , yet to hold now that they may be supplemented by unwritten additions.
 
 [3]
 

 McKeever makes three arguments to the contrary. The first is that Rule 6(e) imposes no obligation of secrecy upon the district court itself because the district court is not on the list of "persons" to whom grand jury secrecy applies per Rule 6(e)(2).
 
 See
 
 Rule 2(e)(2)(A) ("No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)"). Therefore, the argument goes, the two
 
 Sealed Cases
 
 discussed above are inapplicable here because they deal with disclosures by government attorneys, not by the court itself, and the court has authority to order disclosure of grand jury matters because these materials are "judicial records" over which the court has inherent authority. Amicus Br. 24-25 (citing, inter alia,
 
 Carlson v. United States
 
 ,
 
 837 F.3d 753
 
 , 758-59 (7th Cir. 2016) (concluding
 grand jury records are "records of the court" over which the district court can exercise inherent authority because the grand jury is "part of the judicial process")).
 

 We do not agree that the omission of the district court from the list of "persons" in Rule 6(e)(2) supports McKeever's claim. Rule 6 assumes the records are in the custody of the Government, not that of the court: When the court authorizes their disclosure, it does so by ordering "an attorney for the government" who holds the records to disclose the materials.
 
 See
 
 Rule 6(e)(1) ("Unless the court orders otherwise, an attorney for the government will retain control of the recording, the reporter's notes, and any transcript" of the grand jury proceeding). Because an "attorney for the government" is one of the "persons" subject to grand jury secrecy in Rule 6(e)(2)(B), the Rule need not also list the district court as a "person" in order to make the court, as a practical matter, subject to the strictures of Rule 6. Indeed, as the Government explains, a district court is not ordinarily privy to grand jury matters unless called upon to respond to a request to disclose grand jury matter. As to whether records of a grand jury proceeding are "judicial records" - a term not found in Rule 6 - we note the teaching of the Supreme Court that although the grand jury may act "under judicial auspices," its "institutional relationship with the Judicial Branch has traditionally been, so to speak, at arm's length,"
 
 Williams
 
 ,
 
 504 U.S. at 47
 
 ,
 
 112 S.Ct. 1735
 
 ; it is therefore not at all clear that when Rule 6(e)(2)(B) mentions a "matter appearing before the grand jury," it is referring to a "judicial record." The Supreme Court has never said as much, and we, albeit in another context, have twice said the opposite: "[T]he concept of a judicial record 'assumes a judicial decision,' and with no such decision, there is 'nothing judicial to record."
 
 SEC v. Am. Int'l Grp.
 
 ,
 
 712 F.3d 1
 
 , 3 (D.C. Cir. 2013) (quoting
 
 United States v. El-Sayegh
 
 ,
 
 131 F.3d 158
 
 , 162 (D.C. Cir. 1997) ).
 

 McKeever's second argument, which was recently accepted by the Seventh Circuit in
 
 Carlson
 
 , is that the advent of Rule 6 did not eliminate the district court's preexisting authority at common law to disclose grand jury matters because courts "do not lightly assume" a federal rule reduces the "scope of a court's inherent power."
 
 Chambers v. NASCO, Inc.
 
 ,
 
 501 U.S. 32
 
 , 47,
 
 111 S.Ct. 2123
 
 ,
 
 115 L.Ed.2d 27
 
 (1991) (citation omitted). A federal rule that "permits a court to do something and does not include any limiting language" therefore "should not give rise to a negative inference that it abrogates the district court's inherent power without a 'clear[ ] expression of [that] purpose.' "
 
 Carlson
 
 ,
 
 837 F.3d at 763
 
 (quoting
 
 Link v. Wabash R.R. Co.
 
 ,
 
 370 U.S. 626
 
 , 631-32,
 
 82 S.Ct. 1386
 
 ,
 
 8 L.Ed.2d 734
 
 (1962) ) (alterations in original). In this telling, because Rule 6 did not contain a "clear expression" that it displaced the district court's preexisting authority, the court remains free to craft new exceptions; the rulemakers simply furnished the list of detailed exceptions "so that the court knows that no special hesitation is necessary in those circumstances."
 

 Id.
 

 at 764-65
 
 .
 

 That account of Rule 6 is difficult to square with the text of the Rule, which we have examined above. The "limiting language,"
 

 id.
 

 at 763
 
 , the Seventh Circuit sought is plain: Rule 6(e)(2) prohibits disclosure of a grand jury matter "unless these rules provide otherwise." Yet the Seventh Circuit dismisses this instruction because a limitation "buried" in Rule 6(e)(2) could not "secretly appl[y]" to "an entirely different subpart,"
 
 Carlson
 
 ,
 
 837 F.3d at 764
 
 , never mind that this subpart follows immediately after Rule 6(e)(2) as
 Rule 6(e)(3). Because we believe it is necessary to read the exceptions in subpart (e)(3) in conjunction with the general rule in subpart (e)(2), we agree with Judge Sykes's dissent in
 
 Carlson
 
 :
 

 As my colleagues interpret the rule, the limiting language in the secrecy provision has no bearing at all on the exceptions.... But the two provisions cannot be read in isolation. They appear together in subpart (e), sequentially, and govern the same subject matter. The exceptions plainly modify the general rule of nondisclosure. Treating the exceptions as merely exemplary puts the two provisions at cross-purposes: If the district court has inherent authority to disclose grand-jury materials to persons and in circumstances not listed in subsection (e)(3)(E), the limiting phrase "unless these rules provide otherwise" in the secrecy provision is ineffectual.
 

 Id
 
 . at 769.
 

 McKeever's third contention is that the purposes of grand jury secrecy would not be served by denying disclosure in this case; the passage of time and likely death of all witnesses in Frank's grand jury proceeding have rendered continued secrecy pointless. Of course, these considerations are irrelevant if the district court lacks authority to create new exceptions to Rule 6(e). In any event, it is not clear that continued secrecy serves no purpose in this case. First, privacy interests can persist even after a person's death.
 
 See
 

 New York Times Co. v. Nat'l Aeronautics & Space Admin
 
 .,
 
 920 F.2d 1002
 
 , 1009-1010 (D.C. Cir. 1990). Second, as the Supreme Court noted in
 
 Douglas Oil
 
 , there is likely to be a chilling effect on what a witness is willing to say to a grand jury if there is a risk the court will later make the witness's testimony public.
 
 441 U.S. at 219
 
 ,
 
 99 S.Ct. 1667
 
 . The effect of an exception must be evaluated
 
 ex
 

 ante
 
 , not
 
 ex post
 
 . For example, if a witness in Frank's grand jury proceedings had known that the public might learn about his testimony in the future - and that his words could be immortalized in a book - then his willingness to testify "fully and frankly,"
 
 id
 
 ., could have been affected. Furthermore, the risk of a witness's testimony being disclosed would grow as district courts continue over time to create additional exceptions to grand jury secrecy.
 

 Our concern is not merely hypothetical; as the Government points out, there has been a steady stream of requests for disclosures since the district court first claimed inherent authority
 
 In re Petition of Kutler
 
 ,
 
 800 F.Supp.2d 42
 
 , 50 (D.D.C. 2011) (granting request to disclose President Nixon's grand jury testimony about Watergate due to its historical importance).
 
 See
 

 In re Application to Unseal Dockets Related to the Independent Counsel's 1998 Investigation of President Clinton
 
 ,
 
 308 F.Supp.3d 314
 
 , 335-36 (D.D.C. 2018) (ordering disclosure of grand jury materials related to the investigation of President Clinton's business dealings and his relationship with a White House intern);
 
 Sennett v. Dep't of Justice
 
 ,
 
 962 F.Supp.2d 270
 
 , 283-84 (D.D.C. 2013) (permitting the FBI to withhold grand jury information in response to a Freedom of Information Act request despite the requester's argument for an exception to grand jury secrecy for historically important material);
 
 In re Nichter
 
 ,
 
 949 F.Supp.2d 205
 
 , 212-13 (D.D.C. 2013) (denying disclosure of certain grand jury records about Watergate in part because at least one of the subjects of the testimony was alive);
 
 In re Shepard
 
 ,
 
 800 F.Supp.2d 37
 
 , 39-40 (D.D.C. 2011) (denying as overbroad a request for disclosure of "all testimony and materials associated with
 
 every
 
 witness before
 
 three
 
 [Watergate] grand juries").
 

 We recognize that our view of Rule 6(e) differs from that of some other circuits.
 
 See, e.g.
 
 ,
 
 Carlson
 
 ,
 
 837 F.3d at 767
 
 , discussed above;
 
 In re Craig
 
 , 131 F.3d at 105 (recognizing it is "entirely conceivable that in some situations historical or public interest alone could justify the release of grand jury information" because they constitute "special circumstances" in which release of grand jury records is appropriate outside the bounds of Rule 6 );
 
 In re Hastings
 
 ,
 
 735 F.2d 1261
 
 , 1272 (11th Cir. 1984) (allowing a district court to "act outside the strict bounds of Rule 6(e), in reliance upon its historic supervisory power" to disclose grand jury matters to a judicial investigating committee);
 
 Pitch v. United States
 
 ,
 
 915 F.3d 704
 
 , 707 (11th Cir. 2019) (affirming an order to unseal historically significant grand jury matter "[b]ecause we are bound by our decision in
 
 Hastings
 
 "). For all the reasons set forth above, we simply cannot agree.
 

 Instead, we agree with the Sixth Circuit, which has turned down an invitation to craft an exception to grand jury secrecy outside the terms of the Rule:
 

 We are not unaware of those commentators who have urged the courts to make grand jury materials more accessible to administrative agencies in an effort to reduce duplicative investigations. Rule 6(e)(3)(C)(i) is not a rule of convenience; without an unambiguous statement to the contrary from Congress, we cannot, and must not, breach grand jury secrecy for any purpose other than those embodied by the Rule.
 

 In re Grand Jury 89-4-72
 
 ,
 
 932 F.2d 481
 
 , 488 (1991) (citation omitted). The Eighth Circuit expressed the same view in
 
 United States v. McDougal
 
 ,
 
 559 F.3d 837
 
 , 840 (2009) :
 

 McDougal's argument invoking ... the "[c]ourt's supervisory power over its own records and files" is unpersuasive.... "[B]ecause the grand jury is an institution separate from the courts, over whose functioning the courts do not preside,"
 
 United States v. Williams
 
 ,
 
 504 U.S. 36
 
 , 47 [
 
 112 S.Ct. 1735
 
 ,
 
 118 L.Ed.2d 352
 
 ] (1992), courts will not order disclosure absent a recognized exception to Rule 6(e)....
 

 Just so.
 
 [4]
 

 III. Conclusion
 

 Because the district court has no authority outside Rule 6(e) to disclose grand jury matter, the order of the district court denying McKeever's petition is
 

 Affirmed.
 

 Appendix
 

 Federal Rule of Criminal Procedure 6 : The Grand Jury
 

 (e) Recording and Disclosing the Proceedings.
 

 (1) Recording the Proceedings.
 
 Except while the grand jury is deliberating or voting, all proceedings must be recorded by a court reporter or by a suitable recording device. But the validity of a prosecution is not affected by the unintentional failure to make a recording. Unless the court orders otherwise, an attorney for the government will retain control of the recording, the reporter's notes, and any transcript prepared from those notes.
 

 (2) Secrecy.
 

 (A)
 
 No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).
 

 (B)
 
 Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:
 

 (i)
 
 a grand juror;
 

 (ii)
 
 an interpreter;
 

 (iii)
 
 a court reporter;
 

 (iv)
 
 an operator of a recording device;
 

 (v)
 
 a person who transcribes recorded testimony;
 

 (vi)
 
 an attorney for the government; or
 

 (vii)
 
 a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).
 

 (3) Exceptions.
 

 (A)
 
 Disclosure of a grand-jury matter - other than the grand jury's deliberations or any grand juror's vote - may be made to:
 

 (i)
 
 an attorney for the government for use in performing that attorney's duty;
 

 (ii)
 
 any government personnel - including those of a state, state subdivision, Indian tribe, or foreign government - that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; or
 

 (iii)
 
 a person authorized by
 
 18 U.S.C. § 3322
 
 .
 

 (B)
 
 A person to whom information is disclosed under Rule 6(e)(3)(A)(ii) may use that information only to assist an attorney for the government in performing that attorney's duty to enforce federal criminal law. An attorney for the government must promptly provide the court that impaneled the grand jury with the names of all persons to whom a disclosure has been made, and must certify that the attorney has advised those persons of their obligation of secrecy under this rule.
 

 (C)
 
 An attorney for the government may disclose any grand-jury matter to another federal grand jury.
 

 (D)
 
 An attorney for the government may disclose any grand-jury matter involving foreign intelligence, counterintelligence (as defined in
 
 50 U.S.C. § 3003
 
 ), or foreign intelligence information (as defined in Rule 6(e)(3)(D)(iii) ) to any federal law enforcement, intelligence, protective, immigration, national defense, or national security official to assist the official receiving the information in the performance of that official's duties. An attorney for the government may also disclose any grand-jury matter involving, within the United States or elsewhere, a threat of attack or other grave hostile acts of a foreign power or its agent, a threat of domestic or international sabotage or terrorism, or clandestine intelligence gathering activities by an intelligence service or network of a foreign power or by its agent, to any appropriate federal, state, state subdivision, Indian tribal, or foreign government official, for the purpose of preventing or responding to such threat or activities.
 

 (i)
 
 Any official who receives information under Rule 6(e)(3)(D) may
 use the information only as necessary in the conduct of that person's official duties subject to any limitations on the unauthorized disclosure of such information. Any state, state subdivision, Indian tribal, or foreign government official who receives information under Rule 6(e)(3)(D) may use the information only in a manner consistent with any guidelines issued by the Attorney General and the Director of National Intelligence.
 

 (ii)
 
 Within a reasonable time after disclosure is made under Rule 6(e)(3)(D), an attorney for the government must file, under seal, a notice with the court in the district where the grand jury convened stating that such information was disclosed and the departments, agencies, or entities to which the disclosure was made.
 

 (iii)
 
 As used in Rule 6(e)(3)(D), the term "foreign intelligence information" means:
 

 (a)
 
 information, whether or not it concerns a United States person, that relates to the ability of the United States to protect against-
 

 •
 
 actual or potential attack or other grave hostile acts of a foreign power or its agent;
 

 •
 
 sabotage or international terrorism by a foreign power or its agent; or
 

 •
 
 clandestine intelligence activities by an intelligence service or network of a foreign power or by its agent; or
 

 (b)
 
 information, whether or not it concerns a United States person, with respect to a foreign power or foreign territory that relates to-
 

 •
 
 the national defense or the security of the United States; or
 

 •
 
 the conduct of the foreign affairs of the United States.
 

 (E)
 
 The court may authorize disclosure - at a time, in a manner, and subject to any other conditions that it directs - of a grand-jury matter:
 

 (i)
 
 preliminarily to or in connection with a judicial proceeding;
 

 (ii)
 
 at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;
 

 (iii)
 
 at the request of the government, when sought by a foreign court or prosecutor for use in an official criminal investigation;
 

 (iv)
 
 at the request of the government if it shows that the matter may disclose a violation of State, Indian tribal, or foreign criminal law, as long as the disclosure is to an appropriate state, state-subdivision, Indian tribal, or foreign government official for the purpose of enforcing that law; or
 

 (v)
 
 at the request of the government if it shows that the matter may disclose a violation of military criminal law under the Uniform Code of Military Justice, as long as the disclosure is to an appropriate military official for the purpose of enforcing that law.
 

 (F)
 
 A petition to disclose a grand-jury matter under Rule 6(e)(3)(E)(i) must be filed in the district where the grand jury convened....
 

 [Remainder of Rule 6 omitted.]
 

 McKeever appeared pro se in the district court but on appeal has been ably assisted by a court-appointed amicus curiae.
 

 Although the records at issue here were transferred from the Department of Justice to the National Archives, we understand the DOJ has legal control over them.
 
 See
 
 Fed. R. Crim. P. 6(e)(1) ("Unless the court orders otherwise, an attorney for the government will retain control of the recording, the reporter's notes, and any transcript prepared from those notes"). An order directing the Attorney General to release the records would, therefore, redress McKeever's alleged injury.
 

 McKeever and our dissenting colleague cite
 
 Haldeman v. Sirica,
 

 501 F.2d 714
 
 (D.C. Cir. 1974) - which permitted the disclosure of a sealed grand jury report to aid in the inquiry by the House Judiciary Committee into possible grounds for impeachment of President Nixon - as stepping outside the strict bounds of Rule 6(e). As the dissent acknowledges, however, our opinion in "
 
 Haldeman
 
 ... contains no meaningful analysis of Rule 6(e) 's terms." Rather, the court's opinion is ambiguous as to its rationale, expressing only a "general agreement" with the district court's decision.
 
 Id
 
 . at 715. The reasoning of the district court is itself ambiguous; its holding that "[p]rinciples of grand jury secrecy do not bar this disclosure" is based in part upon various policy considerations; in part upon the view that grand jury matters may lawfully be made available to the House of Representatives as "a body that in this setting acts simply as another grand jury"; and in part upon the view that it "seems incredible that grand jury matters should lawfully be available to disbarment committees and police disciplinary investigations and yet be unavailable to the House of Representatives in a proceeding of so great import as an impeachment investigation."
 
 See
 

 In re Report & Recommendation of June 5, 1972 Grand Jury Concerning Transmission of Evidence to House of Representatives
 
 ,
 
 370 F.Supp. 1219
 
 , 1228-30 (D.D.C. 1974) ;
 
 id
 
 . at 1228 n.39 (citing
 
 Special Feb. 1971 Grand Jury v. Conlisk
 
 ,
 
 490 F.2d 894
 
 , 897 (7th Cir. 1973) (police disciplinary investigation)), and
 
 id
 
 . at 1229 n.41 (citing
 
 Doe v. Rosenberry
 
 ,
 
 255 F.2d 118
 
 , 120 (2d Cir. 1958) (disbarment committee)), both decided per the "judicial proceeding" exception in Rule 6(e).
 

 The dissent also notes that the district court in
 
 Haldeman
 
 favorably cited Judge Friendly's opinion
 
 In re Biaggi
 
 ,
 
 478 F.2d 489
 
 (2d Cir. 1973), which authorized a disclosure not covered by any Rule 6(e) exception. But
 
 Biaggi
 
 was carefully limited to the "special circumstances" of that case,
 

 id.
 

 at 494
 
 , in which a grand jury witness, who is not subject to any secrecy obligation in the first place, sought disclosure only of his own testimony.
 
 See
 

 id.
 

 at 492-93
 
 . Judge Friendly carefully noted that, if the witness had not sought his own testimony, then disclosure would have been improper "[n]o matter how much, or how legitimately, the public may want to know" how the witness had testified.
 

 Id.
 

 at 493
 
 .
 

 In any event, we read
 
 Haldeman
 
 as did Judge MacKinnon in his separate opinion concurring in part, as fitting within the Rule 6 exception for "judicial proceedings."
 
 See
 

 501 F.2d at 717
 
 . Doing so reads the case to cohere, rather than conflict, with the Supreme Court and D.C. Circuit precedents discussed above, which both predate and postdate
 
 Haldeman
 
 .
 

 At least three other circuits have expressed the same view in dicta.
 
 See
 

 United States v. Educ. Dev. Network Corp
 
 .,
 
 884 F.2d 737
 
 , 740 (3d Cir. 1989) ;
 
 In re Grand Jury Subpoenas, Apr., 1978, at Baltimore
 
 ,
 
 581 F.2d 1103
 
 , 1108-09 (4th Cir. 1978) ;
 
 In re J. Ray McDermott & Co., Inc.
 
 ,
 
 622 F.2d 166
 
 , 172 (5th Cir. 1980).