Cite as: 589 U. S. ____ (2020)    1

Statement of BREYER, J.

# SUPREME COURT OF THE UNITED STATES

## STUART A. MCKEEVER *v.* WILLIAM P. BARR, ATTORNEY GENERAL

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 19–307.   Decided January 21, 2020

The petition for a writ of certiorari is denied.

Statement of JUSTICE BREYER respecting the denial of certiorari.

In the decision below, the Court of Appeals for the District of Columbia Circuit held that a district court could not authorize the release of grand jury information *except* as specifically enumerated in Federal Rule of Criminal Procedure 6(e).  920 F. 3d 842, 850 (2019).  That decision is in conflict with the decisions of several other Circuits, which have indicated that district courts retain inherent authority to release grand jury material in other appropriate cases.  See, *e.g., Carlson* v. *United States*, 837 F. 3d 753, 766–767 (CA7 2016); *In re Craig*, 131 F. 3d 99, 105 (CA2 1997); *In re Hastings*, 735 F. 2d 1261, 1271–1272 (CA11 1984).  It also appears to conflict with the considered views of the Rules Committee.  See Advisory Committee Minutes on Crim. Rules 7 (Apr. 22–23 2012), https://www.uscourts.gov/sites/default/files/fr_import/criminal-min-04-2012.pdf.

Whether district courts retain authority to release grand jury material outside those situations specifically enumerated in the Rules, or in situations like this, is an important question.  It is one I think the Rules Committee both can and should revisit.